Lizzie Davis, Defendant in Error, v. Taylor A. Snow, Plaintiff in Error.

## Gen. No. 17,600.

APPEALS AND ERRORS—*when judgment based on credibility of witness will not be reversed.* Where, on an issue of fact whether a note was delivered or stolen, the contradictory testimony was irreconcilable and the evidence resolved itself into an issue as to the credibility of two witnesses, *held*, a judgment on a nonjury trial for the holder of the note was not so manifestly against the weight of the evidence as to warrant setting it aside.

Error to the Municipal Court of Chicago; the HON. HOSEA W. WELLS, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1911. Affirmed. Opinion filed January 9, 1913.

MATHER & HUTSON, for plaintiff in error.

GEORGE W. HESS, for defendant in error.

MR. JUSTICE MCSURELY delivered the opinion of the court.

Lizzie Davis, hereinafter called plaintiff, recovered a judgment in the municipal court against Taylor A. Snow, hereinafter called defendant, on a trial by the court. We are asked to reverse this judgment, and the principal point urged upon this court is that the finding of the trial court is contrary to the weight of the evidence.

The suit was brought by plaintiff upon a promissory note executed by defendant, dated July 27, 1909, payable six months after date to the order of "himself," for $450, with interest at six per cent. per annum. The note was endorsed, "Pay to the order of ———— Taylor A. Snow." Plaintiff claims that this note was delivered to her on September 25, 1909, by a Mr. Fay, who was acting for a Mr. Commons; that she paid four hundred dollars for it. The defendant admits the making of the note, but claims that it was never delivered to anyone but remained in his possession until after maturity, and that it was then

stolen from his vault, presumably by Commons, his former partner.

A considerable amount of testimony by many witnesses was presented upon the trial, and it would serve no useful purpose to restate the same in this opinion. If Commons' story is to be believed, the defendant and he had a settlement of a partnership account on about the date of the note, and shortly thereafter, in the early part of August, 1909, the defendant delivered the note in question to Commons in settlement of this account. This story is not necessarily inconsistent with the statements of the witnesses for defendant, who testify as to what they saw take place on July 27th, at the time the note was drawn up and signed. Furthermore, if the defendant subsequently made a duplicate of this note and kept it in his possession among the papers of the so-called "Indiana mortgage," the testimony of the witnesses who say they saw the note with these papers in Snow's possession in December, 1909, and again in March, 1910, is explicable and is not necessarily inconsistent with the story of plaintiff's witnesses. On the other hand, if the defendant's story is to be believed, there is no escape from the conclusion that Commons stole the note, and that both he and the other witnesses for the plaintiff are unworthy of belief. The contradictory testimony of Commons and of the defendant cannot be reconciled upon any reasonable hypothesis.

These considerations are suggested, not as indicating any opinion of this court upon the facts, but solely for the purpose of showing that all of the evidence resolves into the ultimate issue as to the respective credibility of Commons and the defendant. This was the fundamental question before the trial court. In a case like this the trial court has the opportunity of seeing the witnesses, of considering their manner of testifying, and observing many other things which lead to a conclusion as to the credibility of the parties testifying. This court is deprived of these aids, and

therefore must place great reliance upon the judgment in this regard of the trial court. In this case apparently greater weight was given by the trial court to the testimony of Commons, and we should not disturb this conclusion unless we can say that the finding of the court was manifestly against the weight of the evidence. After extended consideration of the entire record before us, we cannot say that the conclusion of the trial court was so manifestly against the weight of the evidence as to warrant us setting it aside, and therefore it should be allowed to stand.

Other points suggested we deem to be without merit. The judgment is affirmed.

*Affirmed.*